UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEILER TUCKER INC.** | * | **CIVIL ACTION NO.: 23-CV-7288** |
| | * | |
| **plaintiff** | * | |
| | * | **JUDGE LANCE M. AFRICK** |
| **versus** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **GENIE INVESTMENTS** | * | **MICHAEL NORTH** |
| | * | |
| | * | **SECTION "I"** |
| | * | **DIVISION 5** |
| | * | |
| **defendant** | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S *EX PARTE* MOTION TO TEMPORARILY SEAL COMPLAINT**

Plaintiff Seiler Tucker Inc. ("STI") respectfully states the following in support of its *Ex Parte* Motion to Temporarily Seal Complaint:

On December 13, 2023, STI filed the original Complaint alleging one (1) count for breach of contract. (Rec. Doc. 1). The contract at issue contains a vague, unilateral confidentiality provision that purports to require STI (but not Defendant) to maintain confidentiality of the terms of the contract and documents and information related to the contract. The Complaint discloses certain few terms of the contract. Such minimal disclosure is necessary for STI to state a claim for which relief may be granted. STI did not attach the contract or quote any contract language in the attempt to avoid any suggestion that STI violated the vague confidentiality terms. However, given the confidentiality language in the contract, STI respectfully moves this Court to seal the Complaint in a good faith effort to comply with the contract.

When considering whether to seal documents from public view there is a "presumption that all trial proceedings should be subject to scrutiny by the public," which stems from the public's common law right to view records of judicial proceedings. *United States v. Holy Land Found. For Relief 7 Dev.*, 624 F.3d 685, 690 (5th Cir. 2010); *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). However, the right of the public to inspect and copy records filed in every judicial proceeding is not absolute. *S.E.C. v. Van Waeyenberghe,* 990 F.2d 845, 848 (5th Cir. 1993). District courts have discretion to seal court records under some circumstances. "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interest favoring nondisclosure." *Id.*

District courts in the Fifth Circuit should consider three factors when determining whether to seal documents. First, the court must determine whether the documents are "judicial records." *United States v. Sealed Search Warrants,* 868 F.3d 385, 393 (5th Cir. 2017) (the common law right of access to court records "applies so long as a document is a judicial record."); *Id.* at 396 n. 4 (determining whether a document is a judicial record is a "gateway question"). *See also United States v. HSBC Bank USA, N.A.,* 863 F.3d 125, 134 (2d Cir. 2017). Next, the court must identify and weigh the public's interest in those judicial records. *Id.* at 395. Finally, the court must identify and weigh the interests in the nondisclosure. *Id.* at 396. Afterwards, the Court must weigh the public interest in viewing those records against the private interest in not publishing the documents publicly. *Id.*

STI does not maintain that the vague, unilateral confidentiality provision should prevent STI from asserting a breach of contract claim in open court. However, out of an abundance of caution, STI requests this Court temporarily seal the Complaint to allow Defendant the opportunity

to argue the issue. For the foregoing reasons, STI respectfully requests the Court temporarily seal the Complaint.

                              Respectfully Submitted:

**INTELLECTUAL PROPERTY CONSULTING, LLC**

By: /s/ Adam V. Vickers
Gregory D. Latham (T.A.) (LSBA 25955)
glatham@iplawconsulting.com
Adam V. Vickers (T.A.) (LSBA 34992)
avickers@iplawconsulting.com
400 Poydras St., Suite 1400
New Orleans, LA 70130
504-322-7166
*Attorneys for Plaintiff Seiler Tucker Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

      I hereby certify that on December 14, 2023 I caused a true and accurate copy of the foregoing Memorandum In Support Of Plaintiff's *Ex Parte* Motion to Temporarily Seal Complaint to be served on all counsel and parties of record through the Court's CM/ECF electronic filing system.

                              /s/ Adam V. Vickers
                                 Adam V. Vickers