UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEILER TUCKER INC.** | * | **CIVIL ACTION NO.: 23-CV-7288** |
| | * | |
| plaintiff | * | |
| | * | **JUDGE LANCE M. AFRICK** |
| versus | * | |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **GENIE INVESTMENTS** | * | **MICHAEL NORTH** |
| | * | |
| | * | **SECTION "I"** |
| | * | **DIVISION 5** |
| | * | |
| defendant | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION TO SERVE THIRD PARTY SUBPOENA

### STATEMENT OF FACTS

Plaintiff Seiler Tucker Inc. ("STI") requests the submitted *Ex Parte* Motion for Expedited Discovery to Serve a Third-Party Subpoena on the Defendant party known only to STI as "Genie Investments." Plaintiff seeks such expedited discovery solely to identify the true and correct business name, address and related representative information of Genie Investments. Service of the Summons and Complaint in this case cannot occur until Genie Investments' identity is learned and it is served with the Summons and Complaint; therefore, serving a subpoena on Genie Investment's bank, Toronto-Dominion Bank, National Association ("TD Bank"), to discover Genie Investment's identity is a prerequisite for to move forward. Fed. R. Civ. P. 26(d)(2) permits courts to authorize expedited discovery "for the parties' and witnesses' convenience and in the interests of justice."

As set forth in detail in the Complaint (Rec. Doc 1), STI and Genie Investments entered into a Business Expansion Letter of Credit Agreement on or about May 1, 2023. The agreement required STI to pay Genie Investments an advance fee in exchange for Genie Investments' establishment of a line of credit. In compliance with the wiring instructions provided by Genie Investments, STI wired the advance fee to TD Bank at 32 Chestnut Street, P.O. Box 1377, Lewiston, Maine 04243-1377. The wiring instructions further includes a "Account Mailing Adress" at P.O. Box 60443, Jacksonville, Florida 32236, a routing number, a credit account number and an "Account Title" of "Genie Investments II".

After Genie Investments failed to provide the required initial wave of funds, STI began the refund process provided in the agreement in order to receive its advance fee back. STI submitted a Form Termination Letter on September 7th, 2023, and fulfilled all the requirements to satisfy a full refund of the Advance Fee. Genie Investments never refunded the advance fee causing STI to file this lawsuit.

STI's attempts to identify a physical address or representative of Genie Investments in order to serve the Summons and Complaint have been unsuccessful: nowhere on the agreement signed by STI and Genie Investments did Genie Investments provide a full business name, address or representative information; searches of Secretary of State business records and third-party business records websites have revealed over a dozen companies named some variation of "Genie" and "Investment". The only link to Genie Investments available to STI is the bank account that received STI's advance fee wire. In order for this lawsuit to continue, STI needs the account holder information associated with the Genie Investments bank account.

**LEGAL STANDARD**

Rule 26(d)(1) also provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 25(a)(1)(B), or when authorized by these rules, by stipulation, or **by court order**." (emphasis added). While the Fifth Circuit has not expressly adopted a standard for allowing expedited discovery, the majority of district courts within the Fifth Circuit, and this court, allow early discovery when "good cause" is shown. *Soileau v. GPS Marine, LLC*, 2020 U.S. Dist. LEXIS 87581, at *4 (E.D. La. May 18, 2020); *Elargo Holdings LLC v. Doe,* 2016 U.S. Dist. LEXIS 57641, at *3 (W.D. La. Apr. 28, 2016); *BKGTH Prods., LLC v. Doe,* 2013 U.S. Dist. LEXIS 140924, at *10 (E.D. La. Sep. 30, 2013). "In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances. Although the factors used by Courts may vary, good cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party." *BKGTH Prods., LLC*, 2013 U.S. Dist. LEXIS 140924, at *10-13, (quoting *St. Louis Group, Inc., v. Metals and Additives Corp., Inc.*, *et al.*, 275 F.R.D. 236, 239-240 (S.D. Tex. 2011)). The burden of showing good cause for expedited discovery is on the movant. *Id* at *13.

**GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY**

The case of *Clear Skies Nev., LLC v. Doe* provides a similar fact pattern to the present case and is evaluated under the same standard. *Clear Skies Nev., LLC v. Doe*, 2016 U.S. Dist. LEXIS 36187 (E.D. La. Mar. 18, 2016). In *Clear Skies,* plaintiff was unable to identify a defendant except for their IP address issued to the unknown defendant by its internet service provider. Plaintiff Clear Skies sought authorization for discovery prior to a Rule 26(f) conference to subpoena the internet service provider to obtain the physical address assigned that IP address and presumably the defendant. The court ruled in favor of movant, recognizing that the scope of Clear Skies' discovery

request was very narrow because plaintiff only sought the information related to a single IP address. Additionally, the "burden" of complying with the request to both the internet service provider and the potential defendant was minimal, while the need for expedited discovery was critical – if the request was denied, Clear Skies could not identify the defendant and the lawsuit could not proceed. *Id; See also; G.N. Iheaku & Co. v. Doe,* 2014 U.S. Dist. LEXIS 82540 (N.D. Cal. June 17, 2014*) (*plaintiff wired $270,000 to bank account of defendant whose true name was unknown. Court granted motion for early discovery in form of subpoena on bank, wherein the scope of the subpoena was limited to discovering contact information of the Doe Defendant and information about specifically identified money transfers on certain dates*), and, Patent Tech., LLC v. Woodman,* 2015 U.S. Dist. LEXIS 98545 (N.D. Cal. July 27, 2015) (plaintiff wired payment to unknown defendants. The court granted a motion for an early discovery subpoena on two different banks where Plaintiff wired funds. The subpoenas were limited to the names, address and other contact information of the unknown Defendants and information related to the wired payments by Plaintiff).

  The present case involves a nearly identical analysis. After conducting a search, Plaintiff STI has no knowledge of the Defendant other than an incomplete company name and a bank account. The scope of STI's request is also incredibly narrow and only seeks account holder information associated with a single bank account. Further, STI's need for expedited discovery is vital - without the bank account information, STI cannot serve the Summons and Complaint on Genie Investments and STI has no recourse for its breach of contract claims. In comparison, the burden on both TD Bank and Genie Investments is minimal. TD Bank needs only to retrieve and supply information related to a single account – a single page worth of information. The burden to Genie Investments is likewise minimal as it does not have to expend any effort in fulfillment of

the subpoena. The only consequence to Genie Investments is having its contact information known to STI, however, this information should have already been provided to STI.

Therefore, good cause exists for STI's request because identifying a single defendant through a bank account it used to transfer money is more than reasonable "in light of all the surrounding circumstances" and, in the present case, "the need for expedited discovery outweighs the prejudice to the responding party," especially given that the case cannot proceed without the requested discovery.

## CONCLUSION

In light of the foregoing, Plaintiff's *Ex Parte* Motion for Expedited Discovery to Serve a Third-Party Subpoena should be granted.

Respectfully Submitted:

**INTELLECTUAL PROPERTY CONSULTING, LLC**

By: /s/ Adam V. Vickers
Gregory D. Latham (T.A.) (LSBA 25955)
Adam V. Vickers (T.A.) (LSBA 34992)
400 Poydras St., Suite 1400
New Orleans, LA 70130
504-322-7166
avickers@iplawconsulting.com
glatham@iplawconsulting.com

*Attorneys for Plaintiff Seiler Tucker Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 18, 2023 I caused a true and accurate copy of the foregoing Memorandum In Support Of Plaintiff's *Ex Parte* Motion for Expedited Discovery to Serve a Third-Party Subpoena to be served on all counsel and parties of record through the Court's CM/ECF electronic filing system.

      /s/ Adam V. Vickers
      Adam V. Vickers