UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEILER TUCKER INC.** | * | **CIVIL ACTION NO.: 23-CV-7288** |
| plaintiff | * | |
| | * | **JUDGE LANCE M. AFRICK** |
| versus | * | |
| | * | **MAGISTRATE JUDGE** |
| **GENIE INVESTMENTS II LLC** | * | **MICHAEL NORTH** |
| defendant | * | **SECTION "I"** |
| | * | **DIVISION 5** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**FIRST AMENDED COMPLAINT**

Plaintiff Seiler Tucker Inc. ("STI") states the following in support of its Complaint against defendant Genie Investments II LLC ("Genie Investments"):

**INTRODUCTION**

STI brings this lawsuit because defendant Genie Investments refuses to refund to STI the amount of $375,000 as required by the parties' contract. STI signed a Business Expansion Letter of Credit Agreement (the "Agreement") with Genie Investments on or about May 1, 2023. The Agreement required STI to pay Genie Investments an advance fee of three hundred seventy-five thousand dollars ($375,000.00) (the "Advance Fee") in exchange for Genie Investments' establishment of a line of credit for STI's benefit in the amount two million five hundred thousand dollars ($2,500,000.00). STI paid Genie Investments the Advance Fee, but Genie Investments failed to provide STI any line of credit. The Agreement provides that if Genie Investments fails to establish the line of credit, STI may terminate the Agreement and request a refund of the Advance Fee. On or about September 7, 2023, STI terminated the Agreement and requested a refund. For

more than three (3) months, Genie Investments has refused to return to STI the Advance Fee. As a result, STI is forced to file this lawsuit.

## PARTIES

1. Plaintiff STI is a Louisiana corporation headquartered in New Orleans, Louisiana.

2. On information and belief, Defendant Genie Investments II LLC, is a Delaware limited liability company.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount at issue exceeds $75,000.

4. Venue in the Eastern District of Louisiana is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL BACKGROUND

5. STI and Genie Investments entered into the Agreement on or about May 1, 2023.

6. The Agreement required STI to pay an advance fee of three hundred seventy-five thousand dollars ($375,000.00) to Genie Investments (the "Advance Fee"). In exchange, Genie Investments agreed to arrange for STI's benefit a line of credit in the amount of two million five hundred thousand dollars ($2,500,000.00) (the "LOC").

7. The Agreement further states that an initial tranche of the LOC in the amount of five hundred thousand dollars ($500,000) would be available within seventy-five (75) calendar days from the date STI paid the Advance Fee.

8. The Agreement also states that, if the first tranche of the LOC is not provided to STI within that seventy-five (75) calendar days, STI may terminate the Agreement and Genie Investments will refund the Advance Fee.

9. STI wired the Advance Fee to Genie Investment, through its account at TD Bank, N.A., pursuant to the Agreement terms on or about May 1, 2023. Genie Investments estimated the funding date for the first tranche of funds under the LOC would be July 15, 2023. However, Genie Investments never arranged the funding of the first tranche under the LOC.

10. On or about September 7, 2023, STI submitted to Genie Investments a completed Form Termination Letter to terminate the investment pursuant to the Agreement terms. STI fulfilled all the requirements to trigger a full refund of the Advance Fee. However, Genie Investments has not refunded the Advance Fee.

## COUNT I: BREACH OF CONTRACT

11. Plaintiff realleges and incorporates paragraphs 1-10 inclusive, as though fully set forth.

12. STI was obligated to pay the Deposit to Genie Investments pursuant to the Agreement. STI fulfilled its obligation.

13. Genie Investments was obligated to arrange for STI's benefit the LOC pursuant to the terms of the Agreement. Genie Investments failed to fulfill its obligation to provide the LOC, thereby breaching the Agreement.

14. STI was obligated to submit certain contract termination documents to Genie Investments to trigger Genie Investments' obligation to refund the Advance Fee to STI. STI fulfilled those obligations pursuant to the Agreement.

15. Genie Investments was obligated to refund the Advance Fee to STI pursuant to the terms of the Agreement. However, Genie Investments failed to refund the Advance Fee to STI, thereby breaching the Agreement.

16. STI has been harmed because Genie Investments refused to return the Advance Fee to STI.

17. Genie Investments owes STI three hundred seventy-five thousand dollars ($375,000.00).

18. STI seeks an order from this Court ordering Genie Investments to immediately pay STI three hundred seventy-five thousand dollars ($375,000.00).

19. STI seeks all other remedies this Honorable Court deems fit.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court declare and that a judgment be entered that:

A. Genie Investments must immediately pay STI three hundred seventy-five thousand dollars ($375,000.00);

B. Genie Investments be ordered to pay STI pre-judgment and post-judgment interest;

C. Genie Investments be ordered to pay STI's attorney fees and court costs as required by the Agreement; and

D. STI be granted such other further and general relief as may be just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted this 29th day of February, 2024:

Respectfully Submitted:

**INTELLECTUAL PROPERTY CONSULTING, LLC**

By: /s/ Adam V. Vickers
Gregory D. Latham (T.A.) (LSBA 25955)
glatham@iplawconsulting.com
Adam V. Vickers (T.A.) (LSBA 34992)
avickers@iplawconsulting.com
400 Poydras St., Suite 1400
New Orleans, LA 70130
504-322-7166

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 29, 2024, I caused a true and accurate copy of the foregoing pleading to be served on all counsel and parties of record through the Court's CM/ECF electronic filing system, and via U.S. Priority Mail to defendant Genie Investment II LLC's registered agent as follows:

Phyllis Cropper
Registered Agent for Genie Investment II LLC
908 E 17th Street
Wilmington, DE 19802


      /s/ Adam V. Vickers
          Adam V. Vickers