UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEILER TUCKER INC.** | * | **CIVIL ACTION NO.: 23-CV-7288** |
| | * | |
| plaintiff | * | |
| | * | **JUDGE LANCE M. AFRICK** |
| versus | * | |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **GENIE INVESTMENTS** | * | **MICHAEL NORTH** |
| | * | |
| defendant | * | SECTION "I" |
| | * | DIVISION 5 |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**PLAINTIFF'S *EX PARTE* MOTION TO STAY
<u>LITIGATION PENDING ARBITRATION</u>**

Plaintiff Seiler Tucker Inc. ("STI") respectfully moves this Court to stay this litigation while the parties arbitrate. STI states the following in support of this motion:

1. Plaintiff's seek to recover damages based on, among other claims, Defendant's breach of the Business Expansion Letter of Credit Agreement (the "Agreement") between the parties.

2. The Agreement contains the following arbitration clause:

> **Section 13.8 Binding Arbitration.** Any dispute, claim or controversy arising out of or relating to this Agreement, or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by binding arbitration in Delaware, before one (1) arbitrator. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures or by ADR Services pursuant to its Arbitration Rules, at the election of the party initiating the arbitration. The Party initiating a demand for arbitration shall serve notice of such demand pursuant to the notice requirements set fo1th in Section 14.5 herein. Within three (3) banking-business days of service of any demand for arbitration, the Patties to the dispute shall work cooperatively to mutually select an agreeable arbitrator. If the Parties to the dispute are unable to reach agreement on an arbitrator, then the arbitration shall be selected pursuant to the JAMS or ADR Services arbitration selection protocol. Each side shall be entitled to propound one (1) set of requests for production of documents. The requests in each set shall not

number more than twenty-five (25) and shall be limited to documents relevant to the issues to be arbitrated. Each side shall fu1ther be entitled to notice and take no more than three (3) depositions, which shall last no more than three (3) hours per deponent, including reasonable breaks and objections. No other discovery shall be permitted, except upon a showing of good cause to the arbitrator. Any disputes regarding discovery shall be submitted to and decided by the arbitrator. The prevailing patty shall be entitled to an award of its reasonable costs and expenses, including but not limited to, attorneys' fees, in addition to any other available remedies. Any award rendered therein shall be final and binding on each and all of the parties thereto and their personal representatives, and judgment may be entered thereon in any court of competent jurisdiction. This clause shall not preclude Patties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. Any action or proceeding brought to interpret or enforce this agreement to arbitrate shall be governed by the laws of the State of Delaware. This agreement to arbitrate is intended by the Parties to constitute a waiver of any right to trial by jury, or the right to proceed in any state or federal court for resolution of any dispute arising in relation to the enforcement or interpretation of this Agreement, this agreement to arbitrate, or any of the LOC Documents.

3. Defendant has demanded that STI consent to arbitration in lieu of this lawsuit as provided by the Agreement.

4. While plaintiff believes that the arbitration clause is not likely enforceable, in order to avoid the cost, expense and time delay associated with motion practice regarding arbitration, plaintiff intends to file an arbitration demand consistent with the arbitration clause.

5. Plaintiff respectfully requests that the Court stay and administratively close this matter while the parties proceed to arbitration, with the option for either party to move to reopen the proceedings, if necessary, at the conclusion of the arbitration process.

*{remainder of page intentionally left blank}*

6. Defendant has not been served with process, and the Court has not issued a scheduling order.

For the foregoing reasons, STI respectfully moves this Court to stay this litigation pending arbitration.

Filed: March 12, 2024.

                                                Respectfully submitted:

**INTELLECTUAL PROPERTY CONSULTING, LLC**

By: /s/ Adam V. Vickers
Gregory D. Latham (T.A.) (LSBA 25955)
glatham@iplawconsulting.com
Adam V. Vickers (T.A.) (LSBA 34992)
avickers@iplawconsulting.com
400 Poydras St., Suite 1400
New Orleans, LA 70130
504-322-7166
*Attorneys for Plaintiff Seiler Tucker Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I caused a true and accurate copy of the foregoing motion to be served on all counsel and parties of record through the Court's CM/ECF electronic filing system or via email.

                                                /s/ Adam V. Vickers
                                                  Adam V. Vickers