UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SEILER TUCKER INC.**                                                                                    **CIVIL ACTION**

**VERSUS**                                                                                                        **No. 23-7288**

**GENIE INVESTMENTS, ET AL.**                                                                **SECTION I**

ORDER AND REASONS

Before the Court is a motion[1] by plaintiff Seiler Tucker Inc. ("plaintiff") to lift the Court's prior issuance of a stay pending arbitration. Plaintiff additionally moves for sanctions. For the reasons set forth below, the Court grants the motion in part and denies it in part. The motion is granted with respect to the request to lift the stay. The motion is denied with respect to the request for sanctions.

I. BACKGROUND

Plaintiff filed this lawsuit alleging a breach of contract by defendant Genie Investments II LLC ("defendant" or "Genie II").[2] After the issuance of summons but before the execution of service, plaintiff moved *ex parte* to stay this case pending arbitration.[3] The motion averred that the agreement between the parties contained an arbitration clause and that defendant had invoked this clause.[4] The Court granted the motion and stayed this case pending arbitration.[5]

---

[1] R. Doc. No. 19.
[2] R. Doc. No. 9.
[3] R. Doc. No. 11.
[4] *Id.* at 1–2. It should be noted that plaintiff has not provided a copy of the agreement to the Court because of confidentiality concerns, although it has agreed to do so if requested. *See* R. Doc. No. 19-1, at 2.
[5] R. Doc. No. 12.

Several months after the stay was issued, plaintiff filed *ex parte* its first motion to lift the stay.[6] By that point, the arbitration proceeding had already been closed by JAMS, the arbitration service.[7] The Court denied the motion because a response was necessary and defendant had not been served with the complaint or provided the opportunity to respond.[8] The Court held that plaintiff could refile its motion when the Court received proof of service of the complaint.[9] Thereafter plaintiff executed service of the summons on defendant.[10]

Plaintiff then filed *ex parte* the instant motion to lift the stay.[11] It argues the stay should be lifted because defendant would not pay the arbitration fee and, therefore, defendant failed to engage in arbitration.[12] In addition, plaintiff seeks sanctions against defendant for invoking arbitration in bad faith.[13]

To date, defendant has yet to appear. Defendant was served a copy of the complaint on October 4, 2024.[14] Defendant has not filed an answer or motion pursuant to Rule 12. In addition, defendant has not responded to the instant motion.

On November 7, 2024, the chambers of the undersigned held a telephone conference with plaintiff's counsel and Serge Krimnus of Bochner PLLC, the attorney who intended to represent defendant in the arbitration proceeding. Mr. Krimnus

---

[6] R. Doc. No. 13.
[7] R. Doc. No. 19-1, at 4.
[8] R. Doc. No. 16.
[9] *Id.*
[10] R. Doc. No. 18.
[11] R. Doc. No. 19-1.
[12] *Id.* at 5–7.
[13] *Id.* at 7–9.
[14] *Id.*

explained that defendant did not participate in arbitration—and so did not pay the arbitration fee—because the case was subject to the automatic stay of a bankruptcy proceeding pending in the United States Bankruptcy Court for the Middle District of Florida.[15] Mr. Krimnus also indicated that he is unlikely to represent defendant in this litigation because defendant is without funds to afford Mr. Krimnus's services as a result of the bankruptcy proceeding. Plaintiff's counsel responded that the automatic stay does not apply to actions against defendant.

In light of that information, the Court ordered plaintiff to provide additional briefing to determine whether the automatic stay applies to this case.[16] Plaintiff complied with the order and submitted additional briefing.[17]

## II. LAW AND ANALYSIS

### a. The Court Is Not Barred from Lifting the Stay.

*i. 9 U.S.C. § 3*

Pursuant to 9 U.S.C. § 3, district courts "shall" stay litigation in any case in which the issue therein is referable to arbitration under a written agreement between the parties, "providing the applicant for the stay is not in default in proceeding with such arbitration." The stay shall remain in effect "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.

---

[15] Bankr. M.D. Fla. Case No. 3:24-bk-496. Prior to this conference, the Court had never been advised of any such bankruptcy proceeding.
[16] R. Doc. No. 20.
[17] R. Doc. No. 21.

A number of cases, including at least one cited by plaintiff in its motion,[18] recognize that a stay may be lifted after an arbitration proceeding has been closed because of a party's failure to pay the arbitration fee. *See, e.g.*, *Noble Cap. Fund Mgmt., L.L.C. v. US Cap. Glob. Inv. Mgmt., L.L.C.,* 31 F.4th 333, 336 (5th Cir. 2022); *Tillman v. Tillman*, 825 F.3d 1069, 1073–74 (9th Cir. 2016); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1093–94 (10th Cir. 2015). A stay is no longer required in this circumstance because the "arbitration has been had in accordance with the terms of the agreement" within the meaning of 9 U.S.C. § 3. *See, e.g.*, *Noble*, 31 F.4th at 336. When an arbitration proceeding dictates that the arbitration should be governed by certain rules, and the arbitration proceeding was closed because of a party's failure to comply with those rules, the arbitration proceeding has nonetheless been had because "the parties still exercised their contractual right to arbitrate prior to judicial resolution in accordance with the terms of their agreement[]." *Noble*, 31 F.4th at 336.

The instant case falls squarely within the scope of this rule. The agreement between the parties stated that the "arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures or by ADR Services pursuant to its Arbitration Rules."[19] JAMS then opened an arbitration proceeding in accord with the parties' agreement.[20] The JAMS Comprehensive Arbitration Rules

---

[18] R. Doc. No. 19-1, at 6 (citing *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287 (10th Cir. 2015)).
[19] *Id.* at 2.
[20] R. Doc. No. 19-2.

and Procedures ("JAMS Rule") provide that "[e]ach Party shall pay its *pro rata* share of JAMS fees." JAMS Rule 31(a). They also caution that "[i]f, at any time, any Party has failed to pay fees or expenses in full, JAMS may order the suspension or termination of the proceedings." *Id.* 6(c). Pursuant to the JAMS Rules, plaintiff paid its fee.[21] Despite being contacted on several occasions by JAMS and being advised that its continued failure to pay its share of the fees would result in the termination of the arbitration proceeding, defendant did not pay its fees.[22] Ultimately, JAMS closed the arbitration proceeding in accordance with its own rules and, by extension, the very rules that the parties selected to govern the arbitration.[23] In light of the foregoing, the Court finds that "arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Therefore, 9 U.S.C. § 3 does not bar this Court from lifting the stay and permitting the litigation of this matter to proceed.

### *ii. 11 U.S.C. § 362(a)*

Having concluded that 9 U.S.C. § 3 does not foreclose lifting the stay, the Court now addresses whether the case must remain stayed pursuant to the automatic stay arising from a separate bankruptcy proceeding pending in the United States Bankruptcy Court for the Middle District of Florida. That proceeding involves the bankruptcy of Genie Investments NV Inc. ("Genie NV").[24] Defendant Genie II and debtor Genie NV appear to be related corporate entities.[25]

---

[21] R. Doc. No. 19-7.
[22] R. Doc. Nos. 19-8–19-11.
[23] R. Doc. No. 19-12.
[24] Bankr. M.D. Fla. Case No. 3:24-bk-496, R. Doc. No. 1.
[25] Bankr. M.D. Fla. Case No. 3:24-ap-80, R. Doc. No. 1, at ¶¶ 12–16.

Pursuant to 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition operates as a stay of judicial proceedings "against the debtor" for claims which arose prior to the bankruptcy proceeding. "By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors." *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003) (internal quotation marks and citation omitted). Here, Genie II and Genie NV are distinct entities, and only the latter is a debtor in bankruptcy. Therefore, by the express terms of 11 U.S.C. § 362(a), the bankruptcy proceeding of Genie NV does not automatically operate as a stay of the instant lawsuit against Genie II.

The Fifth Circuit, however, has recognized that there is a narrow exception to this general rule. *Id.* (explaining that "[s]ection 362 is rarely, however, a valid basis on which to stay actions against non-debtors" (internal quotation marks and citation omitted)). This exception derives from the Fourth Circuit's reasoning in *A.H. Robins Co. v. Piccinin*, 788 F.2d 994 (4th Cir. 1986). *Id.* There, the Fourth Circuit held that there may be "unusual circumstances" wherein "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Piccinin*, 788 F.2d at 999 (internal quotation marks and citation omitted). In the paradigmatic case, such an unusual circumstance exists when a suit seeks to recover from a third party who is entitled to absolute indemnity by the debtor. *Id.*

6

Aside from their corporate affiliation, there is no evidence before the Court that Genie II and Genie NV are so closely related that a judgment against Genie II in this lawsuit would in effect be a judgment against Genie NV. At this stage, the Court can discern no formal tie or contractual indemnification to create an identity of interests between the debtor and Genie II.

In the arbitration proceeding, defendant provided JAMS with a copy of the complaint in an adversary proceeding commenced by Genie NV to explain why Genie II could not proceed with the arbitration.[26] Genie NV's complaint prayed for an "extension of the automatic stay filed by [Genie NV] pursuant to Sections 105 and 362(a) of the Bankruptcy Code" to enjoin plaintiff from prosecuting the instant action.[27] The complaint alleges that an extension of the automatic stay is warranted because debtor and Genie II "share such a common identity that the arbitration action is essentially an action against the [d]ebtor."[28] The complaint is not entirely clear, but it seems to posit that there is an identity of interest between Genie II and Genie NV because of the agreement between plaintiff and Genie II. The complaint alleges that the agreement between plaintiff and Genie II "was set up generically as a loan from 'GENIE INVESTMENTS' without specificity as to which GENIE entity the funds would be provided,"[29] and so plaintiff's success in this matter may result in

---

[26] R. Doc. No. 21, at 2; R. Doc. No. 21-1. JAMS rejected the contention that the bankruptcy proceeding stayed the arbitration because Genie II was not the debtor in the bankruptcy proceeding. R. Doc. No. 21-1.
[27] Bankr. M.D. Fla. Case No. 3:24-ap-80, R. Doc. No. 1, ¶ 1.
[28] *Id.* ¶ 19.
[29] *Id.* ¶ 12.

the seizure of Genie NV's funds.[30] Significantly, the adversary proceeding was closed by the bankruptcy court because Genie NV's took no action to prosecute the adversary proceeding.[31] Consequently, the bankruptcy court never issued an order enjoining plaintiff from prosecuting the instant action.

Even if the Court were to accept as true the factual allegations of Genie NV's unprosecuted complaint, there is still no basis to conclude that the automatic stay applies here. Accepted as true, Genie NV's factual allegations merely suggest that plaintiff may have named the wrong Genie entity in this matter because of the lack of specificity in the agreement between plaintiff and Genie II. If Genie II is not the correct defendant, then plaintiff would be unable to prevail on its claim against Genie II. Genie II's status as the wrong defendant simply does not address whether a judgment against Genie II would implicate the property of Genie NV.

The complaint may also be read to imply that Genie NV should be the named defendant in the instant matter. Even if true, that is irrelevant to the analysis. In the instant case, plaintiff is not pursuing claims against Genie NV, and Genie NV's complaint provides no reason why a judgment against Genie II in this case would, in effect, be against Genie NV. If anything, Genie NV's complaint supports the conclusion that the automatic stay does not apply here because it plainly attests to the fact that Genie II and Genie NV are separate corporate entities. Altogether, the

---

[30] *Id.* ¶ 23.
[31] Bankr. M.D. Fla. Case No. 3:24-ap-80, R. Doc. No. 4.

Court holds that the automatic stay of the bankruptcy proceeding does not operate here.

### b. The Court Declines To Impose Sanctions.

In addition to lifting the stay, plaintiff also asks the Court to impose sanctions against defendant because of its "bad-faith abuse of the arbitration provision."[32] Plaintiff asserts that defendant "took advantage of the arbitration provision for the sole purposes of delaying [plaintiff]'s case and forcing [plaintiff] to undertake significant arbitration-related attorney fees and costs, all while [defendant] refused to comply."[33] Rather than citing a specific statute or Federal Rule of Civil Procedure, plaintiff invokes the Court's "inherent authority" to levy sanctions.[34] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (describing the "inherent power" of federal courts to impose sanctions).

The Court concludes that it is inappropriate to impose sanctions against defendant at this juncture. Defendant had not been served and therefore was not even a party to this action when plaintiff moved *ex parte* to stay this matter. Since defendant has not yet appeared, the Court has only plaintiff's version of the facts. Even if the circumstantial evidence that plaintiff has provided does imply bad faith on defendant's part, the Court lacks a sufficient factual basis to impose sanctions.[35]

---

[32] R. Doc. No. 19-1, at 8.
[33] *Id.*
[34] *Id.* at 7.
[35] *SEIU Healthcare Missouri/Kansas v. SRZ OP St. Louis, LLC*, No. 23-cv-224, 2023 WL 4846614 (E.D. Mo. July 28, 2023)—the case which plaintiff cites in support—is materially distinguishable in this regard.

9

Consequently, foregoing sanctions at this point is commensurate with the "restraint and discretion," *id.* at 44, with which federal courts are to impose sanctions. Consequently, the Court declines to impose sanctions at this juncture.

### III. CONCLUSION

In light of the foregoing,

**IT IS ORDERED** that plaintiff's motion is **GRANTED IN PART** with respect to plaintiff's request to lift the stay. The stay is hereby **LIFTED**, and the case is **ADMINISTRATIVELY REOPENED**.

**IT IS FURTHER ORDERED** the motion is **DENIED IN PART** with respect to plaintiff's request for sanctions against defendant.

**IT IS FURTHER ORDERED** that defendant shall file responsive pleadings or a motion pursuant to Federal Rule of Civil Procedure 12(b) no later than **January 13, 2025**. Thereafter plaintiff may move for a preliminary default if defendant has failed to comply with this order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide a copy of this order and reasons to defendant's registered agent, Phyllis Cropper, at 908 East 17th Street, Wilmington, Delaware 19802, by both regular and certified mail, return receipt requested.

New Orleans, Louisiana, December 13, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

10