## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SEILER TUCKER INC.** | * | **CIVIL ACTION NO.: 23-CV-7288** |
| | * | |
| **plaintiff** | * | |
| | * | **JUDGE LANCE M. AFRICK** |
| **versus** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **GENIE INVESTMENTS** | * | **MICHAEL NORTH** |
| | * | |
| **defendant** | * | **SECTION "I"** |
| | * | **DIVISION 5** |
| | * | |

**********************************************************************

## ORDER

This action was commenced by Seiler Tucker Inc. ("STI") against Defendant Genie Investments II, LLC ("Genie Investments" or "Defendant"). STI has moved for default judgment against Defendant pursuant to Rule 55(b)(2). The Court, having read and considered STI's motion, supporting memorandum and evidence, FINDS as follows:

1. The Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1332.

2. On or about May 1, 2023, STI and Genie Investments entered into a Business Expansion Letter of Credit Agreement (the "Agreement") which required STI to pay Genie Investments an advance fee of three hundred seventy-five thousand dollars ($375,000.00) (the "Advance Fee") in exchange for Genie Investments' establishment of a line of credit for STI's benefit in the amount two million five hundred thousand dollars ($2,500,000.00) (the "LOC").

1

3. The Agreement further stated that an initial tranche of the LOC in the amount of five hundred thousand dollars ($500,000) would be available within seventy-five (75) calendar days from the date STI paid the Advance Fee.

4. The Agreement also stated that, if the first tranche of the LOC is not provided to STI within that seventy-five (75) calendar days, STI may terminate the Agreement and Genie Investments will refund the Advance Fee.

5. The Agreement included a mandatory arbitration provision and provided attorney fees for the prevailing party in a dispute related to the Agreement.

6. STI wired the Advance Fee to Genie Investments pursuant to the Agreement terms on or about May 1, 2023. Genie Investments estimated the funding date for the first tranche of funds under the LOC would be July 15, 2023. However, Genie Investments never arranged the funding of the first tranche under the LOC.

7. On or about September 7, 2023, STI submitted to Genie Investments a completed Form Termination Letter to terminate the investment pursuant to the Agreement terms. STI fulfilled all the requirements to trigger a full refund of the Advance Fee. However, Genie Investments has not refunded the Advance Fee.

8. Genie Investments invoked the arbitration provision of the Agreement, which resulted in STI moving for stay of this matter.

9. This Court stayed this matter at STI's request.

10. STI initiated arbitration. Genie Investments did not participate in arbitration. Therefore, the JAMS arbitration group closed the arbitration.

11. This Court lifted the stay of this matter in response to STI's motion to lift the stay.

12. STI fully performed its obligations under the Agreement. STI paid Genie Investments the Advance Fee. STI also submitted the required termination documents to Genie Investments to trigger Genie Investments' obligation to refund the Advance Fee.

13. Genie Investments failed to perform its obligations under the Agreement. Genie Investments failed to provide STI the LOC. Genie Investments also failed to refund the Advance Fee to STI.

14. Genie Investments is liable to STI for breach of the BELOC. Genie Investments is liable to STI for compensatory damages in the amount of $375,000.00.

15. STI is owed attorney fees, costs and expenses related to this dispute based on the attorney fee-shifting language of the Agreement.

16. STI is also owed attorney fees, costs and expenses because Genie Investments invoked the arbitration provision and then refused to pay its arbitration fee, which constitutes bad faith, caused STI to incur unnecessary attorney fees and expenses, and delayed STI's efforts to be made whole.

17. STI is also owed prejudgment and post-judgment interest as set forth below.

18. Genie Investments has been properly served with STI's Complaint. The deadline for Genie Investments to answer or otherwise respond to STI's Complaint was January 13, 2025. Defendant failed to answer, file an appearance or otherwise participate in this litigation.

IT IS HEREBY ORDERED that Seiler Tucker Inc.'s Motion for Default Judgment is GRANTED in its entirety and DEFAULT JUDGMENT IS ENTERED AGAINST THE DEFENDANT;

IT IS FURTHER OREDERED that Seiler Tucker Inc. is awarded $375,000.00 in compensatory damages;

3

IT IS FURTHER ORDERED that Seiler Tucker Inc. is awarded reasonable attorney fees in an amount to be determined based on the attorney fee-shifting terms in the Agreement and Genie Investments' bad-faith conduct related to its invoking the arbitration provision and then refusing to pay its arbitration fee, which caused the arbitration group to close the arbitration and delayed these proceedings. Seiler Tucker Inc. is to submit a fee application within fourteen (14) days of the date of this Order.

IT IS FURTHER ORDERED that Seiler Tucker Inc. is awarded costs in an amount to be determined. Seiler Tucker Inc. is to submit a bill of costs within fourteen (14) days of the date of this Order.

IT IS FURTHER ORDERED that Seiler Tucker Inc. is awarded prejudgment interest in the amount of $_____.

IT IS FURTHER ORDERED that Seiler Tucker Inc. is awarded post-judgment interest in an amount to be determined.

IT IS FURTHER ORDERED that until Seiler Tucker Inc. has recovered full payment of the monetary damages, fees, costs, expenses, and interest awarded herein, Seiler Tucker Inc. shall have the ongoing authority to serve this Order on any bank, savings and loan, or other financial institution and, upon receipt of this Order, any such financial institution shall immediately locate and restrain any accounts of Defendant and any funds in such accounts shall be released to Seiler Tucker Inc. within ten (10) business days of receipt of this Order.

IT IS FURTHER ORDERED that Defendant shall reimburse Seiler Tucker Inc. for all attorney fees, other fees, costs and expenses to collect amounts the Court orders Defendant to pay Seiler Tucker Inc.

IT IS FURTHER ORDERED that within thirty (30) days of the date of this Order, Defendant file with the Court and serve on Seiler Tucker Inc.'s counsel a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with this Order.

IT IS FURTHER ORDERED that this Judgment is final pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Court shall retain personal jurisdiction and venue over Seiler Tucker Inc., Defendant, and the subject matter of this action for purposes of construing and enforcing this Order.  If either party prevails in a claim that the other party breached the terms of the Order, then the prevailing party is entitled to recovery of its attorneys' fees and costs for pursuing such breaches or violations.

SO ORDERED on this _____ day of February, 2025.


_____
Honorable Lance M. Africk
United States District Judge