## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SEILER TUCKER INC.**                                    **CIVIL ACTION**

**VERSUS**                                                      **No. 23-7288**

**GENIE INVESTMENTS, ET AL.**                          **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] by plaintiff Seiler Tucker Inc. ("plaintiff") for a default judgment against defendant Genie Investments II, LLC ("defendant"). For the reasons set forth below, the Court grants in part the motion for a default judgment.

### I. BACKGROUND

Plaintiff filed this lawsuit alleging a breach of contract by defendant.[2] The complaint alleges the following facts. Plaintiff and defendant entered into a contract on or about May 1, 2023.[3] The contract provided that plaintiff would pay an advance fee to defendant of $375,000.00 in exchange for defendant's agreeing to extend a $2,500,000.00 line of credit.[4] The contract further specified that defendant would make an initial tranche of $500,000.00 available within 75 days from the date plaintiff paid the advance fee.[5] The agreement also provided that, if defendant did not make the initial tranche available in a timely manner, plaintiff could terminate the agreement, in which event defendant would be obligated to refund the advance

---

[1] R. Doc. No. 27.
[2] R. Doc. No. 9.
[3] *Id.* ¶ 5.
[4] *Id.* ¶ 6.
[5] *Id.* ¶ 7.

fee.[6] Plaintiff paid the advance fee, but defendant never paid the initial tranche.[7] Subsequently, plaintiff sent defendant a letter to terminate the contract.[8] However, defendant never refunded the advance fee as was required pursuant to the contract.[9]

After the issuance of summons but before the execution of service, plaintiff moved *ex parte* to stay this case pending arbitration.[10] The motion averred that the agreement between the parties contained an arbitration clause and that defendant had invoked this clause.[11] The Court granted the motion and stayed this case pending arbitration.[12]

Several months after the stay was issued, plaintiff filed *ex parte* its first motion to lift the stay.[13] By that point, the arbitration proceeding had already been closed by JAMS, the arbitration service.[14] The Court denied the motion because a response was necessary and defendant had not been served with the complaint or provided the opportunity to respond.[15] The Court held that plaintiff could refile its motion when

---

[6] *Id.* ¶ 8.

[7] *Id.* ¶ 9.

[8] *Id.* ¶ 10.

[9] *Id.*

[10] R. Doc. No. 11.

[11] *Id.* at 1–2. It should be noted that plaintiff has not provided a copy of the agreement to the Court because of confidentiality concerns, although it has agreed to do so if requested. *See* R. Doc. No. 19-1, at 2.

[12] R. Doc. No. 12.

[13] R. Doc. No. 13.

[14] R. Doc. No. 19-1, at 4.

[15] R. Doc. No. 16.

the Court received proof of service of the complaint.[16] Thereafter, on October 4, 2024, plaintiff executed service of the summons on defendant.[17]

Plaintiff then filed a second *ex parte* motion to lift the stay.[18] It argued the stay should be lifted because defendant would not pay the arbitration fee and, therefore, defendant failed to engage in arbitration.[19] In addition, plaintiff sought sanctions against defendant for invoking arbitration in bad faith.[20]

On November 7, 2024, the chambers of the undersigned held a telephone conference with plaintiff's counsel and Serge Krimnus of Bochner PLLC, the attorney who intended to represent defendant in the arbitration proceeding. Mr. Krimnus explained that defendant did not participate in arbitration—and so did not pay the arbitration fee—because the case was subject to the automatic stay of a bankruptcy proceeding pending in the United States Bankruptcy Court for the Middle District of Florida.[21] Mr. Krimnus also indicated that he was unlikely to represent defendant in this litigation because defendant was unable to afford Mr. Krimnus's services as a result of the bankruptcy proceeding. Plaintiff's counsel responded that the automatic stay did not apply to actions against defendant.

---

[16] *Id.*

[17] R. Doc. No. 18.

[18] R. Doc. No. 19-1.

[19] *Id.* at 5–7.

[20] *Id.* at 7–9.

[21] Bankr. M.D. Fla. Case No. 3:24-bk-496. Prior to this conference, the Court had never been advised of any such bankruptcy proceeding.

In light of that information, the Court ordered plaintiff to provide additional briefing to determine whether the automatic stay applies to this case.[22] Plaintiff complied with the order and submitted additional briefing.[23] The Court subsequently issued an order and reasons lifting the stay.[24] The order also directed defendant to file a responsive pleading or a motion pursuant to Federal Rule of Civil Procedure 12(b) no later than January 13, 2025.[25]

After the stay was lifted and defendant failed to comply with the Court's order, plaintiff moved for an entry of default,[26] which the Court granted.[27] Plaintiff then filed the instant motion seeking a default judgment against default. Specifically, plaintiff requests in damages (1) the advance fee; (2) attorneys' fees and costs in an amount to be determined by the Court; and (3) pre-judgment and post-judgment interest.[28]

## II. STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party who fails to plead or otherwise respond to the plaintiff's complaint within the required period. A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process. First, the plaintiff must petition the clerk for an entry of default, which is simply "a

---

[22] R. Doc. No. 20.
[23] R. Doc. No. 21.
[24] R. Doc. No. 23.
[25] *Id.* at 10.
[26] R. Doc. No. 24.
[27] R. Doc. No. 26.
[28] R. Doc. No. 27-1, at 1.

notation of the party's default on the clerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (internal quotation and citation omitted). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

After the clerk has entered a default, the plaintiff may move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014). At this point, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotation and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation and citation omitted).

The Court considers several factors when determining whether to enter a default judgment, including "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable

neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

If the Court concludes that it is appropriate to enter a default judgment, it must then "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "[T]he Court is not required to award damages for which there is no basis in fact or law." *Scott v. Quality Fab & Mech., LLC*, No. 19-1808, 2020 WL 1139842, at *10 (E.D. La. Mar. 9, 2020) (Vitter, J.). "[T]he court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the Court cannot enter a default judgment without a hearing "unless the amount is liquidated or easily computable." *Richardson v. Salvation Army S. Territory, USA*, 161 F.3d 7, at *1 (5th Cir. 1998) (unpublished opinion); *see Duncan v. Tangipahoa Parish Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note").

## III. ANALYSIS

Plaintiff seeks damages for (1) the advance fee; (2) attorneys' fees and costs in an amount to be determined by the Court; and (3) pre-judgment and post-judgment interest. The Court will address each request in turn.

### a. The Advance Fee

Plaintiff seeks the value of the advance fee as damages for breach of contract. To recover damages for breach of contract, plaintiff's well-pleaded allegations in its complaint must state a valid claim for breach of contract. *See Wooten*, 788 F.3d at 498. Pursuant to Louisiana law, plaintiff must allege three elements to establish a claim for breach of contract: (1) defendant owed plaintiff an obligation; (2) defendant failed to perform that obligation; and (3) defendant's failure resulted in damages to plaintiff. *See Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 193 So. 3d 1110, 1115 (La. 2015).

Plaintiff has adequately pled each element. Plaintiff has pled that defendant was obligated to refund the advance fee once plaintiff terminated the agreement,[29] defendant did not return the advance fee once plaintiff terminated the agreement,[30] and therefore plaintiff sustained damages in the amount of the advance fee.[31] Accordingly, plaintiff is entitled to damages for breach of contract in the amount of the advance fee.

---

[29] R. Doc. No. 9, ¶ 8.
[30] *Id.* ¶ 10.
[31] *Id.*

### b. Attorneys' Fees and Costs

Next, plaintiff seeks attorneys' fees and costs. "[U]nder Louisiana law, attorney's fees are recoverable only if they are authorized by statute or by contract." *Sweeping Corp. of Am., LLC v. MDL Enterprises, LLC*, No. 23-cv-7364, 2024 WL 5165177, at *6 (E.D. La. May 7, 2024) (Vance, J.) (internal quotation and citation omitted). Plaintiff relies on a provision of the contract between the parties as its basis for entitlement to attorneys' fees and costs. That provision states that "[t]he prevailing party shall be entitled to an award of its reasonable costs and expenses, including but not limited to, attorney's fees."[32] However, it appears that this provision applies specifically to the prevailing party in arbitration, as it is located in the provision of the contract requiring parties to arbitrate disputes relating to the contract.[33] Since the provision's application here is textually uncertain and plaintiff has failed to cite any authority stating that a fee-shifting clause in an arbitration provision applies to an action for breach of contract, the Court declines to award plaintiff attorneys' fees and costs pursuant to the contract.

Plaintiff also asserts that the Court should award it attorneys' fees as a sanction for its bad faith conduct pursuant to this Court's "inherent authority."[34] *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (describing the "inherent power" of federal courts to impose sanctions). The Court previously declined to sanction

---

[32] R. Doc. No. 27-1, at 7.
[33] *Id.* at 6–7.
[34] *Id.* at 7–11.

defendant on this basis when it issued its order lifting the stay.[35] The Court concluded that it would be inappropriate to impose sanctions against defendant at that juncture.

The same reasons that previously prompted the Court to forego sanctions apply equally at this juncture. Defendant has still not appeared and so the Court lacks an adequate factual basis to assess sanctions against defendant. Accordingly, the Court will not exercise its inherent authority to assess sanctions against defendant in the form of attorneys' fees.

Although the Court has concluded that plaintiff is not entitled to attorneys' fees and costs pursuant to either the contract or the Court's inherent authority, plaintiff is nonetheless entitled to costs. Federal Rule of Civil Procedure 54(d)(1) provides that "costs . . . should be allowed to the prevailing party." Accordingly, the Court will award plaintiff costs.[36]

### c. Pre-Judgment and Post-Judgment Interest

Finally, plaintiff seeks pre-judgment and post-judgment interest. "State law governs the award of prejudgment interest in diversity cases." *Keiland Constr., L.L.C. v. Weeks Marine, Inc.*, 109 F.4th 406, 424 (5th Cir. 2024) (internal quotation and citation omitted). Louisiana law provides that when, as here, "the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due." La. Civ. Code. Ann. art. 2000. Since

---

[35] R. Doc. No. 23.
[36] The Court had previously ordered plaintiff to provide the Court with an itemized list of attorneys' fees. R. Doc. No. 29. Since the Court has decided that it will not award attorneys' fees, the Court no longer requires plaintiff to provide an itemized list of the same.

the parties did not fix the interest rate by contract, the interest will be calculated according to the rates set annually by the Louisiana Commissioner of Financial Institutions. *See Id.*; La. Rev. Stat. Ann. § 13:4202(B). The relevant interest rates are as follows: 6.50% for the 2023 calendar year; 8.75% for the 2024 calendar year; and 8.25% for the 2025 calendar year.[37]

Plaintiff asserts in its motion that the refund of the advance fee became due on November 3, 2023.[38] An attached declaration by plaintiff's CEO avers that, when defendant acknowledged the receipt of the termination letter, it indicated that it would refund the advance fee on or before November 3, 2023.[39] Accordingly, prejudgment interest will be calculated from that date.

Plaintiff also requests post-judgment interest. Pursuant to 28 U.S.C. § 1961, plaintiff is entitled to recover post-judgment interest. Accordingly, the Court will award plaintiff post-judgment interest.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion is **GRANTED IN PART** and that judgment shall be entered in favor of plaintiff Seiler Tucker Inc. and against defendant Genie Investments II in the amount of $375,000.00, plus prejudgment

---

[37] Louisiana Office of Financial Institutions, *Judicial Interest Rates*, https://ofi.la.gov/legal/statutes-rules-policies-opinions/judicial-interest-rates/ (last visited Mar. 20, 2025).
[38] R. Doc. No. 27-1, at 12–13.
[39] R. Doc. No. 27-2, ¶ 9.

interest as set forth herein, post-judgment interest pursuant to 28 U.S.C. § 1961, and costs pursuant to Federal Rule of Civil Procedure 54(d)(1).

New Orleans, Louisiana, March 21, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**