UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SEILER TUCKER INC.**                                      **CIVIL ACTION**

**VERSUS**                                                  **No. 23-7288**

**GENIE INVESTMENTS, ET AL.**                               **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] for leave to file a second amended complaint by plaintiff Seiler Tucker Inc. ("plaintiff") pursuant to Federal Rule of Civil Procedure 15(a)(2).[2] The Court previously granted plaintiff's motion for default judgment and issued a final judgment in this case.[3] Plaintiff now moves to add defendants, add claims against all defendants, and add factual allegations.[4] Plaintiff's motion was referred to the assigned U.S. Magistrate Judge, who scheduled a hearing on the motion.[5] Upon consideration of the motion, the Court will rescind the referral. For the reasons set forth below, the Court denies the motion.

### I. BACKGROUND

Plaintiff filed this lawsuit alleging a breach of contract by defendant Genie Investments II, LLC ("defendant").[6] The complaint alleges the following facts. Plaintiff and defendant entered into a contract on or about May 1, 2023.[7] The contract

---

[1] R. Doc. No. 35.
[2] *Id.* at 1.
[3] R. Doc. No. 27 (motion for default judgment); R. Doc. No. 30 (order granting default judgment); R. Doc. No. 32 (judgment).
[4] R. Doc. No. 35-1, at 2–3.
[5] R. Doc. No. 37.
[6] R. Doc. No. 9.
[7] *Id.* ¶ 5.

provided that plaintiff would pay an advance fee to defendant of $375,000.00 in exchange for defendant's agreeing to extend a $2,500,000.00 line of credit.[8] Pursuant to the contract, defendant would make an initial tranche of $500,000.00 available within 75 days from the date plaintiff paid the advance fee.[9] The agreement also provided that, if defendant did not make the initial tranche available in a timely manner, plaintiff could terminate the agreement, in which event defendant would be obligated to refund the advance fee.[10] Plaintiff paid the advance fee, but defendant never paid the initial tranche.[11] Subsequently, plaintiff sent defendant a letter to terminate the contract.[12] However, defendant never refunded the advance fee as was required pursuant to the contract.[13]

After the issuance of summons but before the execution of service, plaintiff moved *ex parte* to stay this case pending arbitration.[14] The motion averred that the agreement between the parties contained an arbitration clause and that defendant had invoked this clause.[15] The Court granted the motion and stayed this case pending arbitration.[16]

---

[8] *Id.* ¶ 6.
[9] *Id.* ¶ 7.
[10] *Id.* ¶ 8.
[11] *Id.* ¶ 9.
[12] *Id.* ¶ 10.
[13] *Id.*
[14] R. Doc. No. 11.
[15] *Id.* at 1–2. It should be noted that plaintiff has not provided a copy of the agreement to the Court because of confidentiality concerns, although it has agreed to do so if requested. *See* R. Doc. No. 19-1, at 2.
[16] R. Doc. No. 12.

Several months after the stay was issued, plaintiff filed *ex parte* its first motion to lift the stay.[17] By that point, the arbitration proceeding had already been closed by JAMS, the arbitration service.[18] The Court denied the motion because a response was necessary and defendant had not been served with the complaint or provided the opportunity to respond.[19] The Court stated that plaintiff could refile its motion when the Court received proof of service.[20] Thereafter, on October 4, 2024, plaintiff executed service of the summons and complaint on defendant.[21]

Plaintiff then filed a second *ex parte* motion to lift the stay.[22] It argued that the stay should be lifted because defendant would not pay the arbitration fee and had therefore failed to engage in arbitration.[23] In addition, plaintiff sought sanctions against defendant for invoking arbitration in bad faith.[24]

On November 7, 2024, the chambers of the undersigned held a telephone conference with plaintiff's counsel and Serge Krimnus of Bochner PLLC, the attorney who had intended to represent defendant in the arbitration proceeding.[25] Mr. Krimnus explained that defendant did not participate in arbitration—and so did not pay the arbitration fee—because the case was subject to the automatic stay of a bankruptcy proceeding pending in the United States Bankruptcy Court for the

---

[17] R. Doc. No. 13.
[18] R. Doc. No. 19-1, at 4.
[19] R. Doc. No. 16.
[20] *Id.*
[21] R. Doc. No. 18.
[22] R. Doc. No. 19.
[23] R. Doc. No. 19-1, at 5–7.
[24] *Id.* at 7–9.
[25] R. Doc. No. 20, at 2.

Middle District of Florida, in which an affiliate of defendant was the debtor.[26] Mr. Krimnus also indicated that he was unlikely to represent defendant in this litigation because defendant was unable to afford Mr. Krimnus's services as a result of the bankruptcy proceeding.[27] Plaintiff's counsel responded that the automatic stay did not apply to actions against defendant.[28]

In light of that information, the Court ordered plaintiff to provide additional briefing to determine whether the automatic stay applies to this case.[29] Plaintiff complied with the order and submitted additional briefing.[30] According to an exhibit attached to this briefing, plaintiff had been made aware of the related bankruptcy proceeding at least as early as July 10, 2024.[31] On December 16, 2024, the Court subsequently issued an order and reasons lifting the stay.[32] The order also directed defendant to file a responsive pleading or a motion pursuant to Federal Rule of Civil Procedure 12(b) no later than January 13, 2025.[33]

After the stay was lifted and defendant failed to comply with the Court's order, plaintiff moved for an entry of default,[34] which the Court granted.[35] Plaintiff

---

[26] *Id.*; *see also* Bankr. M.D. Fla. Case No. 3:24-bk-496. Prior to this conference, the Court had never been advised of any such bankruptcy proceeding.
[27] R. Doc. No. 20, at 2
[28] *Id.*
[29] *Id.*
[30] R. Doc. No. 21.
[31] R. Doc. No. 21-1.
[32] R. Doc. No. 23.
[33] *Id.* at 10.
[34] R. Doc. No. 24.
[35] R. Doc. No. 26.

then moved for a default judgment.[36] The Court granted plaintiff's motion and issued a final judgment on March 25, 2025.[37]

Within 28 days of the entry of judgment, plaintiff filed the instant motion for leave to file a second amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2).[38] The motion explains that a bankruptcy examiner's report was filed in the related bankruptcy proceeding on June 28, 2024.[39] That report establishes, plaintiff contends, that defendant along with two other individuals and two other corporate entities were engaged in "a fraudulent scheme to steal $375,000 from [p]laintiff and additional sums from many other victims."[40] Accordingly, plaintiff seeks to amend its complaint by adding these persons and entities as defendants and asserting new claims as to all defendants.[41]

## II. LAW AND ANALYSIS

Plaintiff filed his motion for leave to amend pursuant to Rule 15(a)(2) even though a final judgment was issued in this case and the action was closed. Given these circumstances, plaintiff's motion is procedurally foreclosed. "When a court enters a final judgment, a party may move to amend its complaint under Fed. R. Civ. P. 59(e) or 60 rather than under Fed. R. Civ. P. 15(a)." *Allen v. Walmart Stores, L.L.C.*,

---

[36] R. Doc. No. 27.
[37] R. Doc. No. 30 (order granting motion for default judgment); R. Doc. No. 32 (judgment).
[38] R. Doc. No. 35. The judgment was issued on March 25, 2025, and plaintiff filed the instant motion on April 16, 2025.
[39] R. Doc. No. 35-1, at 3; R. Doc. No. 35-3 (bankruptcy examiner's report).
[40] R. Doc. No. 35-1, at 3–4.
[41] *Id.* at 6, 9.

907 F.3d 170, 184 (5th Cir. 2018); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) ("When a district court dismisses an action and enters a final judgment, however, a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60.").

Since plaintiff cannot file its motion pursuant to Rule 15(a), the Court must exercise its discretion to construe the motion either as a Rule 59(e) motion or as a Rule 60 motion. Because plaintiff filed its motion within 28 days of the entry of judgment, it must be construed as a motion pursuant to Rule 59(e). *Cf. Johnson v. Davis*, 742 F. App'x 19, 20 (5th Cir. 2018) ("Because the motion was filed within 28 days of the entry of judgment, then it must be construed as a motion pursuant to Federal Rule of Civil Procedure 59(e)." (citing *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668–69 (5th Cir. 1986))). Accordingly, the Court will treat plaintiff's motion as a Rule 59(e) motion.

Although the proper procedural vehicle is clear in this circumstance, the standard to apply is not. Generally, "[a] post-judgment amendment is permissible only when the judgment is vacated pursuant to Federal Rule of Civil Procedure 59 or 60." *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir. 2009); *see also Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) ("Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under Fed. R. Civ. P. 59 or 60." (cleaned up)). To prevail on a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot raise issues that could, and should, have been made before the

judgment issued." *Kapordelis v. Myers*, 16 F.4th 1195, 1202 (5th Cir. 2021) (internal citation omitted).

Even once relief pursuant to Rule 59(e) is granted, leave to amend is far from guaranteed. "While Fed. R. Civ. P. 15(a) endows a district court with virtually unlimited discretion to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment." *Benson*, 575 F.3d at 550 (quoting *Vielma*, 218 F.3d at 468). Simply put, "district courts are discouraged from granting motions to amend after entering final judgments." *Smith v. EMC Corp.*, 393 F.3d 590, 598 (5th Cir. 2004). "Once the entry of judgment has occurred, it is proper to deny leave to amend 'where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" *Benson*, 575 F.3d at 550 (quoting *Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir.1995)).

However, the typical Rule 59(e) standard does not apply "[w]here judgment has been entered on the pleadings," such as where a court grants a motion to dismiss and dismisses the action. *See Rosenzweig*, 332 F.3d at 864. "[U]nder these circumstances, the considerations for a Rule 59(e) motion are governed by Rule 15(a)." *Id.* In effect, whether Rule 59(e) relief should be granted and, if so, whether leave to amend should be granted, collapse into a single inquiry: whether leave to amend and, by extension, Rule 59(e) relief are warranted in light of the Rule 15(a) factors.

Courts use five factors to assess whether leave to amend should be given pursuant to Rule 15(a): undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, the futility of the amendment. *See id.* Absent those factors, leave should be freely given. *See id.*

Even where the more liberal 15(a) standard applies, courts may deny leave to amend "where the plaintiffs did not exercise diligence, including attempting to raise facts which were available previous to the district court's opinion." *Stevens v. St. Tammany Par. Gov't*, 17 F.4th 563, 575 (5th Cir. 2021) (internal quotation marks and citation omitted). Accordingly, just as where the typical Rule 59(e) standard applies, it is proper for courts to deny leave "where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 420 (5th Cir. 2010) (quoting *Vielma*, 218 F.3d at 468) (holding that the district court did not abuse its discretion by denying plaintiff leave to amend after dismissing the lawsuit for plaintiff's failure to state a claim); *cf. Vetcher v. Immigr. & Customs Enf't*, 844 F. App'x 691, 694 (5th Cir. 2021) ("Because Vetcher's motion to amend contained facts and arguments that he reasonably could have raised before dismissal, he has not shown that the district court abused its discretion in denying that motion.").

As far as this Court's own research can discern, the Fifth Circuit has never addressed whether the typical Rule 59(e) standard or the Rule 15(a) standard applies when the plaintiff moves to amend a complaint after a default judgment. U.S. District Court cases addressing the same also appear to be lacking. And it is not entirely clear

8

which standard should apply in light of the Fifth Circuit's caselaw. On the one hand, a default judgment is essentially a judgment on the pleadings. *See Sec. & Exch. Comm'n v. McDuff*, 697 F. App'x 393, 394 (5th Cir. 2017) ("A default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." (internal quotation marks and citation omitted)). For this reason, it seems that the Rule 15(a) standard should apply. *Cf. Rosenzweig*, 332 F.3d at 864 (stating that the Rule 15(a) standard applies where judgment was entered on the pleadings).

On the other hand, the present scenario is materially distinguishable from that which prompted the Fifth Circuit to adopt the Rule 15(a) standard. The Fifth Circuit originally applied the Rule 15(a) standard where the plaintiff had sought leave to amend after the dismissal of the case because "a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted." *See Rosenzweig*, 332 F.3d at 864 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981)).

In this case, there is no suggestion that the Court's entry of a default judgment was in any way inappropriate. Rather, plaintiff requests leave of court to pursue additional claims with the benefit of an appropriately issued default judgment in hand. In short, because the Court's granting plaintiff leave to amend would not imply the inappropriateness of the default judgment, the reason that has warranted the use of the Rule 15(a) standard is not present here.

Regardless of which standard applies, the Court concludes that it is proper to deny plaintiff leave to amend. As previously stated, denying leave to amend is appropriate under either standard "where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Rosenblatt*, 607 F.3d at 420 (quoting *Vielma*, 218 F.3d at 468); *accord Benson*, 575 F.3d at 550. Plaintiff had ample opportunity to assert the new claims, raise new issues, and add new defendants before the Court issued judgment. The report that serves as the basis of plaintiff's motion to amend was filed in the related bankruptcy proceeding in June 2024.[42] Plaintiff was aware of the related bankruptcy proceeding at least as early as July 10, 2024.[43] The Court did not issue judgment until March 2025.[44] For at least nine months the information underlying its motion was available to plaintiff, and yet plaintiff did not move to amend its complaint until after the entry of judgment. Based on this timeframe, the Court cannot conclude that plaintiff demonstrated diligence to raise available facts or issues. Accordingly, the Court cannot conclude that plaintiff "could not reasonably have raised the new matter prior to the trial court's merits ruling." *See Rosenblatt*, 607 F.3d at 420. Denying plaintiff leave to amend is therefore appropriate. *See id.*

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for leave to amend is **DENIED**.

---

[42] R. Doc. No. 35-1, at 3.
[43] R. Doc. No. 21-1.
[44] R. Doc. No. 32.

10

**IT IS FURTHER ORDERED** that the oral hearing with respect to plaintiff's motion is **CANCELED**.

New Orleans, Louisiana, April 24, 2025.

                                              **LANCE M. AFRICK**
                              **UNITED STATES DISTRICT JUDGE**