UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SEILER TUCKER INC.**                                                        **CIVIL ACTION**

**VERSUS**                                                                          **No. 23-7288**

**GENIE INVESTMENTS, ET AL.**                                         **SECTION I**

## ORDER AND REASONS

Before the Court is a motion[1] for reconsideration filed by plaintiff Seiler Tucker Inc. ("plaintiff"). The Court previously granted in part plaintiff's motion for default judgment and issued a final judgment.[2] In the instant motion, plaintiff asks the Court to reconsider its denial of attorney's fees.[3] For the reasons set forth below, the Court denies the motion.

### I. BACKGROUND

Plaintiff filed this lawsuit alleging a breach of contract by defendant Genie Investments II, LLC ("defendant").[4] After the issuance of summons but before the execution of service, plaintiff moved *ex parte* to stay this case pending arbitration.[5] The motion averred that the agreement between the parties contained an arbitration

---

[1] R. Doc. No. 34.
[2] R. Doc. No. 27 (motion for default judgment); R. Doc. No. 30 (order granting default judgment); R. Doc. No. 32 (judgment).
[3] R. Doc. No. 34-1, at 1–2.
[4] R. Doc. No. 9.
[5] R. Doc. No. 11.

clause and that defendant had invoked this clause.[6] The Court granted the motion and stayed this case pending arbitration.[7]

Several months after the stay was issued, plaintiff filed *ex parte* its first motion to lift the stay.[8] By that point, the arbitration proceeding had already been closed by JAMS, the arbitration service.[9] The Court denied the motion because a response was necessary and defendant had not been served with the complaint or provided an opportunity to respond.[10] The Court stated that plaintiff could refile its motion when the Court received proof of service.[11] Thereafter, on October 4, 2024, plaintiff executed service of the summons and complaint on defendant.[12]

Plaintiff then filed a second *ex parte* motion to lift the stay.[13] It argued that the stay should be lifted because defendant would not pay the arbitration fee and had therefore failed to engage in arbitration.[14] In addition, plaintiff sought sanctions against defendant for invoking arbitration in bad faith.[15]

On November 7, 2024, the chambers of the undersigned held a telephone conference with plaintiff's counsel and Serge Krimnus of Bochner PLLC, the attorney

---

[6] *Id.* at 1–2. It should be noted that plaintiff has not provided the Court with a copy of the agreement because of confidentiality concerns, although it has agreed to do so if requested. *See* R. Doc. No. 19-1, at 2.
[7] R. Doc. No. 12.
[8] R. Doc. No. 13.
[9] R. Doc. No. 19-1, at 4.
[10] R. Doc. No. 16.
[11] *Id.*
[12] R. Doc. No. 18.
[13] R. Doc. No. 19.
[14] R. Doc. No. 19-1, at 5–7.
[15] *Id.* at 7–9.

who had intended to represent defendant in the arbitration proceeding.[16] Mr. Krimnus explained that defendant did not participate in arbitration—and so did not pay the arbitration fee—because the case was subject to the automatic stay of a bankruptcy proceeding pending in the United States Bankruptcy Court for the Middle District of Florida in which an affiliate of defendant was the debtor.[17] Mr. Krimnus also indicated that he was unlikely to represent defendant in this litigation because defendant was unable to afford Mr. Krimnus's services as a result of the bankruptcy proceeding.[18] Plaintiff's counsel responded that the automatic stay did not apply to actions against defendant.[19]

In light of that information, the Court ordered plaintiff to provide additional briefing to determine whether the automatic stay applies to this case.[20] Plaintiff complied with the order and submitted additional briefing.[21] According to an exhibit attached to the briefing, plaintiff had been made aware of the related bankruptcy proceeding at least as early as July 10, 2024.[22] On December 16, 2024, the Court subsequently issued an order and reasons lifting the stay.[23] The order also directed

---

[16] R. Doc. No. 20, at 2.
[17] *Id.*; *see also* Bankr. M.D. Fla. Case No. 3:24-bk-496. Prior to this conference, the Court had never been advised of any such bankruptcy proceeding.
[18] R. Doc. No. 20, at 2
[19] *Id.*
[20] *Id.*
[21] R. Doc. No. 21.
[22] *See* R. Doc. No. 21-1.
[23] R. Doc. No. 23.

3

defendant to file a responsive pleading or a motion pursuant to Federal Rule of Civil Procedure 12(b) no later than January 13, 2025.[24]

After the stay was lifted and defendant failed to comply with the Court's order, plaintiff moved for an entry of default,[25] which the Court granted.[26] Plaintiff then moved for a default judgment.[27] In its motion for a default judgment, plaintiff requested attorney's fees pursuant to the arbitration provision, which entitled the "prevailing party . . . to an award of its reasonable costs and expenses, including but not limited to, attorney's fees, in addition to any other available remedies."[28] Plaintiff asserted that, "[w]hile the attorney fee-shifting provision is included in the arbitration section of the [a]greement, there is no language that limits the fee-shifting provision to arbitration awards."[29] Accordingly, plaintiff requested attorney's fees incurred in connection with this litigation.[30] The Court disagreed.

It appeared to the Court that the fee-shifting provision "applies specifically to the prevailing party in arbitration, as it is located in the provision of the contract requiring parties to arbitrate disputes relating to the contract."[31] The Court ultimately declined to award attorney's fees because the provision's application "[was] textually uncertain and plaintiff ha[d] failed to cite any authority stating that a fee-

---

[24] *Id.* at 10.
[25] R. Doc. No. 24.
[26] R. Doc. No. 26.
[27] R. Doc. No. 27.
[28] *Id.* at 7.
[29] *Id.*
[30] *Id.*
[31] R. Doc. No. 30, at 8.

4

shifting clause in an arbitration provision applies to an action for breach of contract."[32] The Court issued a final judgment on March 25, 2025.[33]

Plaintiff now returns with a more modest request and seeks to recover those attorney's fees related only to the arbitration proceeding.[34] Plaintiff contends that its motion for reconsideration should be treated as a Rule 59(e) motion because it was filed within 28 days of the entry of judgment.[35] In plaintiff's view, courts evaluate Rule 59(e) motions "with an eye toward preventing manifest injustice."[36] Accordingly, plaintiff asserts that the Court should award plaintiff attorney's fees because "[a] party who breaches an agreement should not benefit from its breach."[37] Plaintiff also contends that that amount of attorney's fees that it is requesting is reasonable.[38]

## II. LAW AND ANALYSIS

Plaintiff filed its motion pursuant to Federal Rule of Civil Procedure 59(e).[39] That rule provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). To prevail under Rule 59(e), a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."

---

[32] *Id.*
[33] R. Doc. No. 30 (order granting motion for default judgment); R. Doc. No. 32 (judgment).
[34] R. Doc. No. 34-1, at 2.
[35] *Id.*
[36] *Id.*
[37] *Id.* at 4.
[38] *Id.* at 4–10.
[39] *Id.* at 4.

5

*See Matter of Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (internal citation omitted).

By its own terms, Rule 59(e) concerns only judgments. Accordingly, Rule 59(e) may serve as a procedural vehicle for a court to revisit its award or denial of attorney's fees only if the court's ruling on attorney's fees is part of the judgment. For this reason, the Court must determine whether its prior ruling on attorney's fees forms part of the judgment before it may proceed to the merits of plaintiff's Rule 59(e) motion. In a recent opinion, the Fifth Circuit has indicated that the answer to that question is no.

### a. Rule 59(e) Does Not Govern Plaintiff's Motion.

In *Singleton v. Louisiana*, the district court denied plaintiff's Rule 59(e) motion to reconsider its award of attorney's fees and costs to the defendants. No. 24-30304, 2024 WL 4891185, at *1 (5th Cir. Nov. 26, 2024) (per curiam). The Fifth Circuit affirmed the district court's denial of plaintiff's Rule 59(e) motion having found that the district court properly applied Fifth Circuit precedent construing Rule 59(e). *Id.* at *2. However, the Fifth Circuit stated that, "[a]lthough the parties and the district court analyze the motion for reconsideration under Rule 59(e), it [is] not apparent that the rule governs a post-judgment motion for attorney's fees." *Id.*; *accord Page v. Comm'r of Soc. Sec.*, No. 21-cv-258, 2024 WL 414618, at *2 (M.D. Fla. Feb. 5, 2024) ("[N]either side provides any legal authority establishing that Rule 59(e)—which addresses motions to alter or amend a judgment—governs reconsideration of orders

6

relating to a post-judgment award (or denial) of fees. And the Court questions whether Rule 59(e) is the appropriate vehicle for Plaintiff's motion.").

The Court concludes that Rule 59(e) does not govern plaintiff's motion to reconsider the Court's denial of an award of attorney's fees. Rule 59(e) governs motions seeking to alter and amend the judgment. *See* Fed. R. Civ. P. 59(e). A motion seeks to alter or amend the judgment only if it involves "reconsideration of matters properly encompassed in a decision on the merits." *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (internal citation omitted). The issue of attorney's fees is, as a general matter, collateral to the merits. *See id.* at 175. Therefore, as a general matter, the reconsideration of a ruling on attorney's fees does not involve reconsideration of a decision on the merits. Accordingly, Rule 59(e) typically does not govern post-judgment motions to reconsider a court's ruling on attorney's fees.

Plaintiff's motion clearly falls within this general rule. Its claim for attorney fees is collateral to the merits insofar as it seeks fees to which only the prevailing party is entitled. The award of such fees reflects "what is due because of the judgment" rather than the "compensation for the injury giving rise to an action." *See White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451–52 (1982) (internal quotation and citation omitted).

### b. Rule 60(b) Governs Plaintiff's Motion.

Since the Court has concluded that Rule 59(e) does not govern plaintiff's motion, it now must state which standard does apply. A review of caselaw of federal district courts demonstrates that district courts have generally applied one of three

standards to post-judgment motions regarding attorney's fees. Often times, within the Fifth Circuit and without, district courts apply Rule 59(e). *See Page*, 2024 WL 414618, at *2 (collecting sources and stating that "it appears that some courts, both within this Circuit and others, have applied Rule 59(e) to motions seeking to challenge awards or denials of post-judgment attorney's fees"). Very often, district courts apply the standard of a local rule explicitly providing for motions for reconsideration. *See, e.g.*, *Bodo v. Angasan*, No. 23-cv-35, 2024 WL 3638097, at *1 (D. Alaska Aug. 2, 2024); *Atwood v. Shinn*, No. 22-cv-625, 2023 WL 5309270, at *1 (D. Ariz. Aug. 17, 2023); *Soulier v. Matsumoto*, No. 20-cv-4720, 2023 WL 11987858, at *1 (D.N.J. Jan. 27, 2023); *LCS Grp., LLC v. Shire LLC*, No. 18-cv-2688, 2020 WL 3412927, at *2 (S.D.N.Y. June 22, 2020). Finally, district courts also apply the standard for motions filed pursuant to Rule 60(b). *See, e.g.*, *Hernandez v. Casa Febus, Inc.*, No. 21-cv-1588, 2024 WL 4758561, at *1 (D.P.R. Aug. 5, 2024); *Stringer v. Richard*, No. 21-cv-00632, 2023 WL 5086418, at *2 (N.D. Ohio Aug. 9, 2023).

On the basis of both the process of elimination and the text of the rule, the Court concludes that Rule 60(b) governs post-judgment motions regarding attorney's fees such as plaintiff's motion. There is no applicable local rule governing post-judgment motions for attorney's fees in this district, and the Court has already concluded that, as a general matter, Rule 59(e) does not govern post-judgment motions regarding attorney's fees. Accordingly, Rule 60(b) remains as the procedural vehicle for plaintiff for bringing its post-judgment motion regarding attorney's fees. This conclusion is supported not only by practice but by the text of Rule 60(b). Unlike

Rule 59(e), which only concerns judgments, Rule 60(b) applies to a "final judgment, order, or proceeding." Such language extends beyond merits judgments and encompasses orders on issues collateral to the merits of the cause of action. Indeed, the Fifth Circuit has characterized the scope of Rule 60(b) as "expansive." *Frew v. Janek*, 780 F.3d 320, 327 (5th Cir. 2015). In effect, Rule 60(b)'s scope extends to those issues that are excluded from Rule 59(e)'s scope and are therefore not governed by Rule 59(e).[40]

### c. The Court Will Deny Plaintiff's Motion.

Having concluded that Rule 60(b) is the proper procedural vehicle for plaintiff to challenge this Court's denial of attorney's fees, the Court now must dispose of plaintiff's motion. The Court is aware that, on at least two occasions, the Fifth Circuit has held that a motion that fails under Rule 59(e) would also fail under Rule 60(b). In *Singleton*, the plaintiff brought her motion for reconsideration of the attorney's-fees issue pursuant to Rule 59(e). 2024 WL 4891185, at *1. The district court noted that Rule 59(e) serves a narrow purpose to correct manifest errors of law or fact or to present newly discovered evidence. *Id.* The district court denied the plaintiff's Rule 59(e) motion on its merits. *Id.* But the court also went on to hold that, if plaintiff's

---

[40] Because the Court has entered a judgment adjudicating all claims as to all parties, Federal Rule of Civil Procedure 54(b) may not serve as a vehicle for the Court to revisit its prior ruling on attorney's fees. Rule 54(b) permits a district court to revisit any order or decision only before the entry of a judgment adjudicating all claims in the case. *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

motion had been considered under Rule 60(b), it would have likewise failed because an even more exacting standard for relief would have applied. *Id.* The Fifth Circuit affirmed the district court's Rule 59(e) analysis. *Id.* at 2. The Fifth Circuit then stated that, since the plaintiff's "motion fail[ed] under the less stringent standard of Rule 59(e), it also fail[ed] under Rule 60(b)'s more exacting standard." *Id.* It thus concluded that the motion "los[t] under either rule." *Id.* (internal quotation marks and citation omitted).

In an earlier case on which *Singleton* relied, *Frew v. Young*, the Fifth Circuit went further and affirmed the district court's denial of a motion for reconsideration on Rule 59(e) grounds when it "should have treated [the motion for reconsideration] as a motion under Rule 60(b)." 992 F.3d 391, 396–98 (5th Cir. 2021). The Fifth Circuit held that such error "was harmless" and declined to remand for consideration of the motion under the proper standard because of "practical considerations." *Id.* at 397. The Fifth Circuit explained that the district court resolved the motion by applying "the guiding principles of Rule 59(e)," which impose a "lower threshold" for relief than does Rule 60(b). *See id.* Consequently, "[r]emanding for consideration under a more exacting standard when plaintiffs could not prevail under an easier one, would [have] be[en] a waste of time and resources." *Id.* (internal quotation marks and citation omitted). The "charade" of such a remand was not necessary "for the sake of formalism." *See id.*

In light of *Singleton* and *Frew*, the Court will deny plaintiff's motion at this juncture and spare plaintiff the "charade" of refiling what would be a meritless

10

motion. Plaintiff's Rule 60(b) motion would fail the "more exacting standard" of Rule 60(b) because the Court concludes that it fails the "lower threshold" imposed by Rule 59(e). *See id.* Plaintiff's motion fails pursuant to Rule 59(e) because it raises a legal argument that could have been raised in its motion for default judgment.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In its motion for default judgment, plaintiff asserted that "[t]he Court should award STI reasonable attorney fees, costs and expenses as provided in the Agreement."[41] In plaintiff's view, the agreement provided the prevailing party with costs and expenses in connection with "all disputes related to the Agreement, and explicitly to breach of contract disputes" insofar as "[t]he parties clearly intended" the same.[42] Plaintiff did not argue that, in the alternative, the Court should award plaintiff the fees solely related to the arbitration proceeding.

Plaintiff's argument in the instant motion—that the fee-shifting provision entitles plaintiff to attorneys' fees related to the arbitration proceeding rather than to those incurred in connection with this litigation—is a separate legal argument from that which it propounded in its motion for default judgment. Stated metaphorically, whereas plaintiff first argued that the fee-shifting provision entitled it to the whole pie, it now argues that the same provision entitles it to a slice thereof.

---

[41] R. Doc. No. 27-1, at 7.
[42] *Id.*

11

The fact that the slice that plaintiff now seeks is part of the whole pie is of no moment, because plaintiff's current legal theory of what the fee-shifting provision entitles it to is different than its original legal theory of what the provision entitles it to. In other words, the fact that's plaintiff's original request for attorney's fees is, *a fortiori*, a request for the fees that it now requests does not mean that in its motion for default judgment plaintiff impliedly asserted the legal theory that it does now. Accordingly, this argument was not raised before although it could have been. For this reason, plaintiff is not entitled to relief pursuant to Rule 59(e).

Even if the Court were to reach the merits of plaintiff's legal theory, plaintiff's motion still fails. Plaintiff cites no caselaw or other provision of law demonstrating that it is a prevailing party in arbitration for the purposes of the fee-shifting provision when the arbitration proceeding was closed before it even started. In other words, it is far from clear that there was even a proceeding in which plaintiff could have prevailed. Accordingly, plaintiff has still failed to demonstrate a legal basis for its requested relief.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for reconsideration is **DENIED**.

New Orleans, Louisiana, May 7, 2025.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**