UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**SEILER TUCKER INC.**                                                           **CIVIL ACTION**

**VERSUS**                                                                       **No. 23-7288**

**GENIE INVESTMENTS, ET AL.**                                         **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] to stay this case filed *pro se* by David Hughes ("Hughes"). Plaintiff Seiler Tucker Inc. ("plaintiff") filed a response in opposition.[2] For following reasons, the Court denies the motion.

The Court has previously set forth the facts of this case in several Orders and Reasons, and it will therefore review only the facts relevant to this motion. Plaintiff filed this lawsuit alleging a breach of contract by defendant Genie Investments II, LLC ("defendant").[3] To date, defendant has never made an appearance. Plaintiff ultimately filed a motion for a default judgment.[4] The Court granted the motion and entered judgment against defendant on March 25, 2025.[5]

Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor such as plaintiff may obtain discovery from any person, including the judgment debtor, in aid of the judgment or execution thereof. To this end, plaintiff moved for a judgment debtor exam, praying that defendant, through its representatives, be ordered to

---

[1] R. Doc. No. 53.
[2] R. Doc. No. 56.
[3] R. Doc. No. 9.
[4] R. Doc. No. 27.
[5] R. Doc. No. 30 (Order and Reasons); R. Doc. No. 32 (default judgment).

appear and testify in court.[6] The assigned U.S. Magistrate Judge set a date for defendant's judgment debtor examination..[7] No representative of defendant appeared at the hearing.[8] The Magistrate Judge instructed plaintiff's counsel "to file any motion she deems appropriate for the relief that Judgment Creditor seeks."[9]

Subsequently, plaintiff filed a motion to compel and for sanctions.[10] The motion states that, during the underlying litigation, plaintiff learned that defendant is owned in equal parts by John Michael Cohan ("Cohan") and David Hughes, who are not defendants in this case.[11] The motion requests that Cohan and Hughes be ordered to appear for a judgment debtor examination.[12] The Magistrate Judge has scheduled the motion to compel and for sanctions for oral hearing on August 14, 2025.[13]

Hughes then filed the instant motion.[14] His motion represents that on July 10, 2025 he filed a bankruptcy petition in the U.S. Bankruptcy Court for the Central District of Illinois.[15] He argues that the automatic stay triggered by his filing a bankruptcy petition extends to this case, for which reason the Court should stay this case and, by extension, all discovery and enforcement efforts against Hughes and Cohan.[16]

---

[6] R. Doc. No. 40.
[7] R. Doc. No. 43.
[8] R. Doc. No. 47.
[9] *Id.*
[10] R. Doc. No. 49.
[11] *Id.* ¶ 7.
[12] *Id.* ¶ 9.
[13] R. Doc. No. 51.
[14] R. Doc. No. 53.
[15] *Id.* at 1; *see also* Bankr. C.D. Ill. Case No. 25-70566, R. Doc. No. 1.
[16] *Id.* at 1–3.

Hughes's motion presents two issues. The first is whether an automatic stay issued in connection with the bankruptcy proceeding of a corporation's principal extends to the corporation itself. The Court concludes that it does not. "A proceeding against a non-bankrupt corporation is not automatically stayed by the bankruptcy of its principal."[17] *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991); *cf. Stephen Inv. Sec., Inc. v. S.E.C.*, 27 F.3d 339, 342 (8th Cir. 1994) (holding that SEC's order against a corporation did not violate the automatic stay in connection with the bankruptcy proceedings of the corporation's principal because the SEC's order did not target the principal's property). Since plaintiff is not targeting Hughes's property, the automatic stay in connection with Hughes's bankruptcy proceedings does not apply to this case.[18]

The second issue is whether an automatic stay issued in connection with a non-party's bankruptcy proceeding prevents a party from seeking discovery from the non-party debtor. The answer to that question is no.

Generally speaking, the automatic stay serves to enjoin the prosecution of pre-petition claims *against* the debtor or his estate. *See* 11 U.S.C. § 362. Requesting

---

[17] The Court has previously held that defendant was not a debtor in bankruptcy by virtue of the bankruptcy proceedings of a corporate entity affiliated with defendant and that the automatic stay in connection with those proceedings did not apply to the instant case. R. Doc. No. 23, at 5–6.

[18] The Court notes that there is an exception to this rule when there is such an identity of interest between the debtor and defendant that judgment against the defendant would in effect be a judgment against the debtor. *See Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003). However, this exception is not urged in Hughes's motion, and the Court cannot discern from Hughes's motion any basis on which to conclude this exception applies.

3

discovery or testimony from a non-party debtor does not constitute a proceeding against the non-party debtor for the purposes of the automatic stay. *See In re Miller*, 262 B.R. 499, 505 (B.A.P. 9th Cir. 2001); *accord Hong v. Mommy's Jamaican Mkt. Corp.*, No. 20-cv-9612, 2023 WL 3568807, at *2 (S.D.N.Y. May 18, 2023); *Simmons v. Tehum Care Servs., Inc.*, No. 22-cv-4149, 2023 WL 3022516, at *3 (W.D. Mo. Apr. 20, 2023); *Pride Fam. Brands, Inc. v. Carls Patio, Inc.*, No. 12-cv-21783, 2013 WL 4647216, at *4 (S.D. Fla. Aug. 29, 2013).

Accordingly, requesting discovery or testimony from non-party debtors is not enjoined by the automatic stay. *See Miller*, 262 B.R. at 505 (holding that discovery "as part of the development of a case against non-debtor parties is permissible, even if that information could later be used against the party protected by the automatic stay"); *Mohindra v. Boghara*, No. 25-cv-2050, 2025 WL 2145560, at *1 (D. Ariz. July 29, 2025) ("Likewise, the automatic stay does not prohibit a party from obtaining discovery from a debtor to prosecute the party's claims against a non-party."); *Blue Cross of California v. Sonoma W. Med. Ctr., Inc.*, No. 18-cv-4912, 2019 WL 926329, at *8 (C.D. Cal. Feb. 7, 2019) ("Furthermore, the fact that an automatic stay is in place does not shield a debtor from responding to discovery requests to the extent that those requests pertain only to a plaintiff's claims against non-debtor defendants."); *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca*, LLC, No. 13-cv-4650, 2014 WL 4783008, at *5 (S.D.N.Y. Sept. 25, 2014) (holding that the automatic stay "does not prevent litigants from obtaining discovery from a debtor as a third-party witness where the requests pertain to claims against the nondebtor parties").

4

Hughes is not a defendant in this case, and plaintiff is not prosecuting a claim or executing a judgment against Hughes.[19] For this reason, the judgment debtor examination is not a proceeding against Hughes for the purposes of the automatic stay. Therefore, the Court concludes that the automatic stay in connection with Hughes's bankruptcy proceedings does not require that this case be stayed.[20]

For the foregoing reasons,

**IT IS ORDERED** that Hughes's motion is **DENIED**.

New Orleans, Louisiana, August 1, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[19] The Court notes that plaintiff's request for sanctions does not alter the analysis. If sanctions were to be imposed on Hughes because of Hughes' failure to appear for the hearing, those sanctions would be imposed on account of Hughes's conduct after he filed his bankruptcy petition. Accordingly, to the extent that the imposition of sanctions on a debtor is a claim against the debtor, the automatic stay would not preclude such sanctions because the automatic stay does not apply to post-petition claims against the debtor. *See In re Miller*, 262 B.R. 499, 507 (B.A.P. 9th Cir. 2001) ("Appellants could pursue and obtain a monetary judgment (i.e., sanctions award) based on Debtor's post-petition conduct without seeking relief from the automatic stay."); *accord Cosmo Imp. & Exp., LLC v. Anolik*, No. 22-cv-1222, 2024 WL 2113953, at *4 (D. Md. May 9, 2024) ("[I]f Anolik and A&A fail to appear at the depositions[,] . . . Plaintiffs may seek sanctions because they would be targeting post-petition conduct.").

[20] In his motion, Hughes seeks not only to be excused from the judgment debtor examination, but also to stay the entire case. To the extent that he seeks relief on behalf of defendant, his request must be denied because corporate defendants may be represented only by counsel in federal court. *See Sw. Exp. Co. v. I. C. C.*, 670 F.2d 53, 55 (5th Cir. 1982) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law." (citation omitted)).