**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**SEILER TUCKER INC.**                                    **CIVIL ACTION**

**VERSUS**                                                        **NUMBER: 23-7288**

**GENIE INVESTMENTS**                                 **SECTION: "I"(5)**

<u>**ORDER AND REASONS**</u>

    Before the Court is the Motion to Compel and Motion for Sanctions and Other Relief (rec. doc. 49) filed by Plaintiff, the Judgment Creditor in this lawsuit.  Also before the Court is Defendant David Hughes's Consolidated Reply in Support of Motion for Protective Order and Sanctions and Response to Plaintiff's Opposition.  (Rec. doc. 59).[1]  Non-Party John Micheal Cohan's Motion to Appear by Video Conference (rec. doc. 60) is also before the Court, as is the Limited Objection and Motion to Quash (rec. doc. 61) filed by Cohan.  Having reviewed all of the pleadings, the Court rules as follows.

    Plaintiff Seiler Tucker Inc. ("Plaintiff" or "Judgment Creditor") filed this lawsuit alleging a breach of contract by Defendant Genie Investments II, L.L.C. ("Defendant" or "Judgment Debtor").  (Rec. doc. 9).  To date, Defendant has never made an appearance. Plaintiff ultimately filed a motion for a default judgment.  (Rec. doc. 27).  The District Judge granted the motion and entered judgment against Defendant on March 25, 2025 (rec. docs. 30, 32) in the amount of $375,000.00.

    Federal Rule of Civil Procedure 69(a)(2) provides that a judgment creditor such as Plaintiff may obtain discovery from any person, including the judgment debtor, in aid of the judgment or execution thereof.  To this end, Plaintiff moved for a judgment debtor exam, praying that Defendant, through its representatives, be ordered to appear and testify in

---

[1] This is a bizarre pleading, as no party has filed a motion for protective order in this lawsuit.

court.  (Rec. doc. 40).  The undersigned set a date for Defendant's judgment debtor examination.  (Rec. doc. 43).  Counsel for Plaintiff appeared, but no representative of Defendant appeared at the hearing.  (Rec. doc. 47).  The undersigned instructed Plaintiff's counsel "to file any motion she deems appropriate for the relief that Judgment Creditor seeks." (*Id.*).

Plaintiff has thus filed a motion to compel and for sanctions.  (Rec. doc. 49).  The motion states that, during the underlying litigation, Plaintiff learned that Defendant is owned in equal parts by John Michael Cohan and David Hughes, who are not defendants in this case.  (*Id.* at ¶ 7).  The motion asks that Cohan and Hughes be ordered to appear for a judgment debtor examination.  (*Id.* at ¶ 9).  Plaintiff also seeks its attorneys' fees and costs incurred for appearing at the judgment debtor examination and for bringing the instant motion.  (*Id.* at ¶ 11).  The undersigned scheduled the motion to compel and for sanctions for oral hearing on August 14, 2025.  (Rec. doc. 51).

The Court now finds oral argument unnecessary.  Under Federal Rule of Civil Procedure 37, the Court may treat a party's failure to obey an order to provide or permit discovery as contempt of court.  Fed. R. Civ. P. 37(b)(2)(A)(vii).  Rule 37 identifies several potential sanctions, including payment of "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).  Additionally, the undersigned has authority to enter a non-dispositive order granting attorneys' fees or other non-dispositive sanctions under Federal Rule of Civil Procedure 37(e).  *See* 28 U.S.C. § 636(b); *see also Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. 1981)

(per curiam) (finding that a magistrate judge has authority to enter a non-dispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

A party is in contempt when it violates a "definite and specific order of the court requiring it to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Gibson Brands, Inc. v. Armadillo Distribution Enterprises, Inc.*, No. 19-358, 2023 WL 2352830, at *2 (E.D. Tex. Mar. 3, 2023) (citations omitted); *see Cordova v. La. State Univ. Agric. & Mech. Coll. Bd. of Supervisors*, No. 19-1027, 2024 WL 263941, at *2 (W.D. La. Jan. 24, 2024). A party seeking an order of civil contempt must establish three elements: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999). The claimant must prove each of these elements by clear and convincing evidence. *Id.* at 382.

However, judicial contempt should not be used unless a specific aspect of the Court's order has been clearly violated. *G.K. v. D.M.*, No. 21-2242, 2023 WL 2316213, at *3 (E.D. La. Jan. 25, 2023). A party may also avoid contempt if they produce credible evidence showing that compliance with the court's order is impossible. *Cordova*, No. 19-1027 at *2 (citing *United States v. Sorrells*, 877 F.2d 346, 348 (5th Cir. 1989)).

This Court's Orders requiring Judgment Debtor – co-owned by John Michael Cohan and David Hughes – to appear and sit for a judgment debtor examination were clearly in effect. (Rec. docs. 43, 45). And Judgment Debtor through its representatives Cohan and Hughes failed to comply with that Order. It has offered no substantial justification for failing to appear and no evidence that compliance is impossible. Accordingly, the Court finds Judgment Debtor Genie Investments II, L.L.C. in contempt of this Court's Orders and

3

awards to Judgment Creditor Seiler Tucker Inc. the fees and costs incurred in drafting the first motion for a judgment debtor examination, its fees and costs incurred in appearing for the judgment debtor examination, and its fees and costs incurred in drafting the motion currently before the Court.  Accordingly,

**IT IS ORDERED** that Motion to Compel and Motion for Sanctions and Other Relief (rec. doc. 49) is **GRANTED** as outlined above, and the Court awards fees and costs to the Judgment Creditor in the amount of $1,500.00.

**IT IS FURTHER ORDERED**  that John Michael Cohan and David Hughes shall each appear and sit for a judgment debtor examination via ZOOM or some other video media at a mutually-agreeable time and date determined by the parties **but in no event later than thirty (30) days from the date of this Order**.

**IT IS FURTHER ORDERED** that the Limited Objection and Motion to Quash (rec. doc. 61) is **REJECTED AND DENIED**.

**IT IS FURTHER ORDERED** that Defendant David Hughes's Consolidated Reply in Support of Motion for Protective Order and Sanctions and Response to Plaintiff's Opposition (rec. doc. 59), Non-Party John Michael Cohan's Motion to Appear by Video Conference (rec. doc. 60), the Emergency Motion for Remote Access to August 14, 2025 Hearing (rec. doc. 63), the second Emergency Motion for Remote Access to August 14, 2025 Hearing (rec. doc. 64), and the Emergency Motion for Remote Appearance or, in the Alternative, for Continuance with Affidavit in Support (rec. doc. 65) are **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that the oral hearing set on August 14, 2025 is **CANCELLED**.

**FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN FURTHER AND MORE SEVERE SANCTIONS.**

New Orleans, Louisiana, this __11th__ day of _____ August _____ 2025.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**